# EXHIBIT A



# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 26758064**
**Date Processed: 04/17/2023**

**Primary Contact:**   Sharon Brooks - MS 08-A
The Travelers Companies, Inc.
1 Tower Sq
Rm 8MS
Hartford, CT 06183-0001

| | |
|---|---|
| **Entity:** | The Travelers Indemnity Company<br>Entity ID Number  2317465 |
| **Entity Served:** | The Travelers Indemnity Company |
| **Title of Action:** | Regina Thompson vs. Travelers Indemnity Company |
| **Matter Name/ID:** | Regina Thompson vs. Travelers Indemnity Company (13937819) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Middlesex County Superior Court, NJ |
| **Case/Reference No:** | MID-L-2108-23 |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 04/17/2023 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.<br>856-596-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# THE TRAVELERS INDEMNITY COMPANY    ACTIVE

No information provided

| BUSINESS DETAILS | ⌄ |
| --- | --- |

## Business Details    ⌃

### General Information    —

Business Name
THE TRAVELERS INDEMNITY COMPANY

Business status
ACTIVE

Citizenship/place of formation
Domestic/Connecticut

Business address
No information provided

Annual report due

NAICS code

Business ALEI
0278497

Date formed
3/25/1903

Business type
Special Chartered

Mailing address

Last report filed

NAICS sub code

# JAVERBAUM JW WURGAFT
## HICKS KAHN WIKSTROM & SININS, P.C.
*Certified Trial Attorneys*

**Michael A. Galpern, Esquire**
mgalpern@lawjw.com

1000 HADDONFIELD BERLIN ROAD
SUITE 203
VOORHEES, NJ 08043
PHONE: 856.596.4100
FAX: 856.702.6640

www.lawjw.com

April 14, 2023

**Via Guaranteed Subpoena**
Travelers Indemnity Company
One Tower Square
Hartford, Connecticut 06183.

Re:   Regina Thompson on behalf of herself and all others similarly situated v. Travelers
Indemnity Company; St. Paul Protective Insurance Company; et al.
Docket No.: MID-L-2108-23

Dear Sir or Madam:

Enclosed please find the following:

1.  Civil Case Information Statement;
2.  Summons and Civil Complaint with Jury Demand containing:
    - Designation of Trial Counsel;
    - Certification Pursuant to Rule 4:5-1
3.  Track Assignment Notice.

Please be guided accordingly.

Very truly yours,
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.

*/s/ Michael A. Galpern*

MICHAEL A. GALPERN, ESQUIRE

MAG/mlc/encl.

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the putative Class*

| | |
|---|---|
| REGINA THOMPSON on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>TRAVELERS INDEMNITY COMPANY and ST. PAUL PROTECTIVE INSURANCE COMPANY<br><br>           Defendants | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>Docket No.:   MID-L-2108-23<br><br><u>CIVIL ACTION</u> |

## CIVIL SUMMONS ISSUED TO
## DEFENDANT TRAVELERS INDEMNITY COMPANY

**FROM THE STATE OF NEW JERSEY:**

The Plaintiffs, Regina Thompson on behalf of herself and others similarly situated, have filed a lawsuit against you in the Middlesex County Superior Court of New Jersey. The

complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Middlesex County within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in Middlesex County, and online at http://www.njcourts.gov/forms/10153_deputyclerklawrf.pdf). If the complaint is one in foreclosure then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if not attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with the appropriate filing fee and a completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in Middlesex County and online at http://www.njcourts.gov/forms/10153_deputyclerklawref.pdf.

/s/ *Michelle M. Smith*
Michelle M. Smith
Clerk, Superior Court of New Jersey

Dated:  April 14, 2023

Name of Defendant to be Served:    Travelers Indemnity Company

Address of Defendant to be Served:  One Tower Square
Hartford, Connecticut 06183

A True Copy
Attest:

Process Server
Christine Fora

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the putative Class*

| | |
|---|---|
| REGINA THOMPSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY; ST. PAUL PROTECTIVE INSURANCE COMPANY and ABC CORPORATION (1-100)<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>Docket No.:<br><br><u>CIVIL ACTION</u><br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

Plaintiff Regina Thompson, by counsel and on behalf of herself and all others similarly situated, individually and as class representative, for her Class Action Complaint against Defendants Travelers New Jersey Insurance Co., Travelers Insurance Co., and St. Paul Protective Insurance Company, alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

## INTRODUCTION

1.      This is a consumer class action brought on by Plaintiff Regina Thompson on her own behalf and on behalf of all others similarly situated against Defendants, including related and wholly owned entities that, collectively, sell automobile insurance in New Jersey as "Travelers.[1]"

2.      In short, the State of New Jersey has established by explicit statute, *N.J.S.A.* 39:6A-4.3(e), that insurers offering Personal Injury Protection ("PIP") medical expense benefits, must provide a minimum of $15,000 in PIP coverage.

3.      Rather than comply with the mandates of New Jersey law, however, Travelers has had a policy and practice of deceptively selling standard automobile policies which purport to provide PIP benefits of $15,000 which Travelers intends to reduce by subtracting co-pays and deductibles from the overall amount of coverage. This is not made clear in the declaration pages provided by Travelers to insureds and is in violation of controlling New Jersey law.

4.      Accordingly, Plaintiff Regina Thompson, and numerous other consumers have been illegally sold policies with PIP medical expense benefits which Travelers intends to limit to provide less than $15,000 in PIP coverage.

5.      Plaintiff and Class Members have, when they needed coverage in an amount equal to or in excess of $15,000, been denied required PIP medical expense coverage by Travelers. Travelers' actions have violated New Jersey's Consumer Fraud Act, *N.J.S.A.* 56:8-1, *et seq.*, pursuant to which Plaintiff and Class Members are entitled to relief.

---

[1] As used herein "Travelers" or "Defendants" will refer jointly to the Travelers entities sued in this action, all of these entities appear on the insurance policy documents provided to Plaintiff.

6.     This action seeks to redress Travelers' illegal and wrongful actions by compelling Travelers to provide the full $15,000 in PIP coverage which the Legislature mandated to the insureds who purchased such coverage.  This action seeks declaratory, injunctive and monetary relief for Regina Thompson and all others similarly situated.

## THE PARTIES

7.     Plaintiff, Regina Thompson is a citizen of the State of New Jersey and resides in Atlantic County.

8.     Defendant Travelers Indemnity Company, is a Connecticut corporation with its headquarters located at One Tower Square, Hartford, Connecticut 06183.

9.     Defendant St. Paul Protective Insurance Co., is a Minnesota corporation with its headquarters located at 385 Washington St. Saint Paul, MN 55102.

10.     Defendants ABC Corporation (1-100) are fictitious names for business entities (including sole proprietorships, partnerships, limited liability companies, and/or corporations) whose true identities are not known at the present time, but who at all times relevant to this action were responsible for or engaged in the practice of selling insurance under the Travelers' name, and/or advising Travelers' insureds that their PIP medical expense benefits were exhausted prior to $15,000 being paid to cover the insured's medical expenses as alleged herein, in connection with the business of Defendants, which forms the basis for the present complaint. Plaintiffs reserve the right to file an amended complaint re-naming ABC Corporations once their true identity is known.

11.     At all relevant times, Defendants were related corporate entities which conducted business throughout New Jersey, including but not limited to Middlesex County.

12.     At all times relevant hereto, each of the Travelers Defendants purposefully availed themselves of and regularly conducted business in the State of New Jersey and had sufficient minimal contacts therewith that maintenance of suit against Defendants in this State does not offend traditional notions of fair play and substantial justice, and the transactions at issue occurred primarily or exclusively in New Jersey.  Defendants are all licensed by the New Jersey Department of Banking and Insurance (DOBI) to write insurance in New Jersey. As licensee, Travelers has agreed to follow the rules established for insurance in the State of New Jersey whenever writing policies in the State of New Jersey.

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over the Defendants as Defendants regularly conduct business in the State of New Jersey.

14.     Venue in this Court is proper as Defendants regularly conducts business in the County of Middlesex.

## FACTUAL ALLEGATIONS

15.     Travelers is an insurance company licensed by the State of New Jersey to sell automobile insurance in this State.

16.     The business of the sale of insurance in New Jersey is a matter in which the Legislature of the State has enacted specific statutory provisions and requirements. Included are statutory provisions relating to the sale of automobile insurance. At issue and relevant here are the statutory provisions relating to the contractual requirements for Personal Injury Protection benefits as they apply to a standard automobile insurance policy, particularly *N.J.S.A.* 39:6A-4 and particularly *N.J.S.A.* 39:6A-4(e) which provides in relevant part:

> With respect to personal injury protection coverage provided on an automobile...the automobile insurer shall provide the following

> coverage options:…Medical expense benefits in amounts of $150,000, $75,000, $50,000 or $15,000 per person per accident…

17.   In other words, the Legislature has mandated that in connection with the sale of a standard automobile liability insurance policy, an insurer must – "shall" – provide a minimum of $15,000 in medical expense benefits, the statute provides no basis for an insurer to apply co-pays and/or deductibles to reduce the amount of medical expense benefits available to an insured who has purchased an automobile insurance policy.

18.   Travelers, however, has failed to comply with the Legislature's mandated requirements and instead, as in the case of Plaintiff and the Class proposed here, has provided less than $15,000 in medical expense benefits coverage, by claiming to insureds that as a result of the co-pays and deductibles in their policies, benefits had been exhausted prior to $15,000 in medical expense benefits being utilized to pay for the care and treatment of insureds.

19.   Insureds are not alerted to the way that Travelers' intends to reduce the available coverage at the time they purchase coverage, and therefore are unable to fairly or accurately compare the policies offered to them by Travelers' as opposed to those offered by other insurers. In fact, even the declarations pages provided to insureds at the time they purchase insurance from Travelers indicate that $15,000 in PIP medical expense benefits is being made available to them. For example, the declarations page for Plaintiff, Regina Thompson, provides in relevant part:



## Automobile Policy Declarations

**1. Named Insured**
REGINA THOMPSON

GALLOWAY, NJ 08205-3734

**Your Auto Policy Number**
**Your Account Number**

**Your Agency's Name and Address**
TRAVELERS
PO BOX 59059
KNOXVILLE, TN 37950-9059

**For Policy Service**    1.866.751.0255
**For Claim Service**    For questions on filing a
claim or to file a claim go to **Travelers.com** or call
1.800.252.4633
**For Roadside Assistance**    1.800.252.4633

### 2. Premium
**This is change number 5, which is effective May 29, 2019.**
* This change decreases the premium by $24 for the remainder of the policy period.
* The policy period is from November 1, 2018 to November 1, 2019.
* Driver level discount has been added.
* These Declarations replace all prior Automobile Policy Declarations on the date on which this change is
  effective.

### 3. Your Vehicles
1. 2013 FORD EDGE SEL
2. 2015 CHRYS 200 LIMITE

**Identification Numbers**



### 4. Coverages, Limits of Liability and Premiums (continued)
Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg"
means the premium charge is included in the premium for another coverage or a package.

| | VEHICLE 1 | VEHICLE 2 |
|---|---|---|
| | 13 FORD EDGE SEL | 15 CHRYS 200 LIMITE |
| **Q. Personal Injury Protection:** Medical Expenses Only Primary Cov. Limitation on Lawsuit Option Medical Expenses Limit $15,000 Deductible $2,500 | $459 | $640 |

20.      By letter dated December 14, 2020 Travelers advised Plaintiff that her PIP benefits

had been exhausted, despite not having paid 15,000 in benefits to cover Plaintiff's required medical

treatment. (A true and correct copy of the exhaustion letter is attached as Exhibit A)

21.     A payment ledger provided by Travelers in December of 2020 also reflected Travelers' position that despite Plaintiff having $15,000 in PIP benefits, the maximum they would pay under the policy was $12,000.  (A true and correct copy of the PIP payment ledger is attached hereto as Exhibit B).

22.     Insureds are therefore misled at the time they purchase their insurance, and throughout the relationship with Travelers until they are injured and require medical care that requires the full amount (or more) of their coverage.

23.     The circumstances of Plaintiff Regina Thompson are typical of the members of the Class. Plaintiff applied for automobile insurance from Travelers.  In purchasing insurance, she was presented with options for available PIP coverage, including the mandatory minimum of $15,000 in coverage. At no time during the purchasing process was she advised that the coverage limits were not actually $15,000 and instead would be reduced by her selected copay/deductible.  The declaration page provided to her reflected the selection of $15,000 and provided that such limits would be available to pay for medical care in the event that she were involved in a motor vehicle accident.

24.     Plaintiff Regina Thompson subsequently was involved in an automobile accident on June 11, 2019.  Her medical bills for treatment of the injuries that she sustained in the accident were far in excess of $15,000.  Plaintiff Regina Thompson by and through her providers, submitted said bills for reimbursement, but Travelers refused to pay in excess of $12,000 for any medical bills – wrongfully claiming that the PIP policy was exhausted prior to benefits of $15,000 being paid.

25.     Numerous other individuals have, like Plaintiff, been involved in automobile accidents where they required medical treatment costing $15,000 or more, and upon requests for

reimbursement to Travelers, were informed that their medical expense benefits were exhausted prior to Travelers paying $15,000 in benefits, in violation of *N.J.S.A.* 39:6A-4(e).

26.     The acts and practices of Travelers have been consumer oriented, have caused ascertainable losses to consumers and have constituted unconscionable commercial practices, deception, fraud, and misrepresentations of material facts with the intent that others, including Plaintiff and other members of the Class, rely upon them in connection with the purchase of motor vehicle insurance coverage and the services related to said purchase, all in violation of the New Jersey Consumer Fraud Act.

27.     Inasmuch as Travelers did not comply with *N.J.S.A.* 39:6A-4.3, the limitation of the PIP coverage in consumers' policies to amounts less than the stated limit of $15,000 was invalid and illegal, and therefore these individuals – like Plaintiff – are entitled to insurance coverage in excess of what Travelers did provide. At no time did Travelers inform consumers that they were in fact entitled to $15,000 in PIP coverage, instead Travelers regularly misrepresented that coverage available was less than that amount.

28.     As a result of Travelers' actions, Plaintiff and other members of the Class are entitled to declaratory and injunctive relief that Travelers must provide them with the full $15,000 coverage which they purchased, and are also entitled to reimbursement of all costs, as damages that they have paid in excess of the amounts Travelers paid up to the $15,000 in coverage which should have been provided. Additionally, as Travelers' actions have violated the New Jersey Consumer Fraud Act, Plaintiffs are entitled to treble damages and the other relief set forth below.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a Class Action pursuant to Rule 4:32 on behalf of the class defined as:

All individuals who since April 13, 2017 have been policyholders owning or beneficiaries of standard automobile liability insurance policies with Travelers which purported to provide $15,000 in Personal Injury Protection (PIP) medical expense benefits and who, upon utilizing such benefits, were advised that PIP benefits had been exhausted prior to Travelers paying $15,000 in medical expenses.

Excluded from the Class are Defendants, each of their parents, subsidiaries, authorized distributors and affiliates, and their legal representatives, heirs, successors, and assigns of any excluded person.

30.    The Class is so numerous that joinder of all members is impracticable. Plaintiff believes that there are more than fifty (50) Class Members. Although the exact number and identities of individual Class Members are presently unknown, the number of Class Members can easily be ascertained from Defendants' records and other appropriate discovery.

31.    There are questions of fact and law which are common to the Class that predominate over any questions affecting only individual Class Members. Among the common questions of law and fact are the following:

a.    Whether Travelers had a policy and practice of selling standard automobile insurance policies to consumers which purported to provide $15,000 in PIP benefits while knowing it would claim that it was not obligated to pay such amounts should benefits be utilized;

b.    Whether Travelers' practice of claiming that they were not legally obligated to pay $15,000 in PIP benefits under standard automobile policies violated *N.J.S.A.* 39:6A-4.3;

c.    Whether Plaintiff and the other members of the Class have suffered ascertainable losses as a result of Travelers' actions.

d.  Whether Travelers has failed to pay the full medical expense benefits to which Class Members were entitled;

e.  Whether Travelers has violated the New Jersey Consumer Fraud Act;

f.  Whether Plaintiff and other Class Members are entitled to damages and/or restitution and declaratory and/or injunctive relief.

g.  Whether Defendants letters claiming that insureds had exhausted the available PIP limits under policies of insurance violated the clearly established legal rights of Class Members.

32.     Plaintiffs' claims are typical of the claims of the other Class Members, because all such claims arise out of Defendants' standard policies and practices relating to handling PIP medical expense coverage claims and Plaintiff will assert and pursue the same claims as other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class action and consumer litigation. Accordingly, Plaintiff is an adequate representative of, and will fairly and adequately protect the interests of the Class.

33.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the Class as a whole.

34.     The prosecution of separate actions by individual Class members will create a risk of inconsistent or varying adjudications.

35.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.     The monetary damages sought on behalf of the Class are readily calculated and attributable to Class Members.

**COUNT I**
**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**

37.     Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth herein.

38.     At all times relevant hereto, the CFA was in full force and effect.  *N.J.S.A.* § 56:8-1 provides that:

> "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . in connection with the sale . . . of any merchandise . . . is declared to be an unlawful practice."

39.     At all relevant times hereto, the Defendant was prohibited by the CFA from engaging in unfair deceptive acts or practices in the conduct of their business in the State of New Jersey. The actions of the Defendant constitute a violation of the CFA, *N.J.S.A.* § 56:8-1, *et seq.*, in that such actions were immoral, unethical, oppressive, unscrupulous, offend public policy, directly violated longstanding New Jersey law and caused substantial injury to consumers, including Plaintiff and Class Members, and were done with indifference to the rights of the Plaintiff and Class Members.

40.     Defendant's practice in affirmatively representing that it was selling standard automobile policies of insurance which provided the legally mandated minimum PIP coverage of $15,000 while having a policy and practice of advising insureds who needed to access those

benefits that available coverage was less than that amount is an unconscionable commercial practice in violation of the CFA.

41.    Insureds advised that PIP benefits had been exhausted prior to Travelers paying $15,000 in PIP benefits have suffered an ascertainable loss.

42.    The actions of the Defendant as described in this complaint caused the Plaintiff and Class Members to suffer actual and ascertainable injuries, damages, loss of money and property.

43.    The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

44.    As a direct and proximate result of the foregoing, the Plaintiff and Class Members have been damaged in an amount to be determined at trial, including compensatory damages and other miscellaneous incidental and consequential damages.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Sub-Class Members against Defendant for:

  a.  Certification of this matter as a class action pursuant to *R.* 4:32;

  b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

  c.  Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

  d.  Treble Damages, punitive damages, attorney's fees and costs of suit pursuant to *N.J.S.A.* 56:8-19; and

  e.  Such other and further relief as this Court deems equitable and just.

## COUNT II
## VIOLATIONS OF THE NEW JERSEY TRUTH IN CONSUMER CONTRACT WARRANTY AND NOTICE ACT ("TCCWNA")

45.     Plaintiffs repeat and re-allege all the allegations set forth in the preceding paragraphs as if fully set forth herein.

46.     The exhaustion letters that Plaintiffs and Class Members received from Defendant were notices subject to the TCCWNA at *N.J.S.A.* 56:12-15.

47.     The TCCWNA at *N.J.S.A.* 56:12-15 prohibits sellers, creditors and lenders from offering or entering into consumer contracts, or giving or displaying consumer notices that contain any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

48.     The TCCWNA was designed to prevent businesses from imposing on New Jersey consumers contract provisions whose mere inclusion in a consumer contract would violate the rights of consumers and deceive them into thinking such illegal provisions were valid, and thereby, they would not even try to enforce their rights:

> Far too many consumer contracts, warranties, notices and signs, contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce their rights.

*See* Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980).

49.     Plaintiff and Class Members are "consumers" and/or "aggrieved consumers" under TCCWNA.

50.     Plaintiff and Class Members are "aggrieved" by virtue of having had their PIP benefits terminated prior to the exhaustion of the limits required by New Jersey law.

51.   Defendant was and is a "seller, creditor and/or lender" under TCCWNA.

52.   Defendant's conduct as alleged herein is subject to the TCCWNA.

53.   TCCWNA provides that "[t]he right, remedies and prohibitions" provided by these consumer protection acts "are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law of statutes of this State and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition." *N.J.S.A.* 56:12-18.

54.   Defendant's exhaustion letters violate the clearly established rights of consumers under *N.J.S.A.* 39:6A-4(e) by purporting to provide Plaintiff and Members of the Class with less than $15,000 in PIP coverage under their standard automobile policies.

55.   Based upon the foregoing, Plaintiff and all Class Members are entitled to damages in the amount of "a civil penalty of not less than $100 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." *N.J.S.A.* 56:12-17.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

a.   Certification of this matter as a class action pursuant to *R.* 4:32;

b.   Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

c.   Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

    d.   Payment of a statutory penalty of $100 and/or actual damages to Plaintiff and each Class Member;

    e.   Payment of attorneys' fees and costs of suit; and

    f.   Such other and further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF CONTRACT

56.    Plaintiffs repeat and re-allege all the allegations set forth in the preceding paragraphs as if fully set forth herein.

57.    Plaintiff and each Class Member either entered into a contract or were the intended third party beneficiaries of a contract for automobile insurance with Defendants.

58.    Said contracts provided for $15,000 in PIP medical benefits coverage.

59.    Defendants failed to provide $15,000 in PIP coverage to Plaintiff and each Class Member, and instead advised Plaintiff and Class Members that benefits were exhausted prior to providing $15,000 in coverage.

60.    Defendants' failure to pay required medical expenses for the care and treatment of Plaintiff and Class Members up to the full amount of $15,000 provided in their contracts of insurance was a breach of the contracts of insurance entered into by Defendants.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

    a.   Certification of this matter as a class action pursuant to *R.* 4:32;

    b.   Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

      c.   Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

      d.   Payment of attorneys' fees and costs of suit; and

      e.   Such other and further relief as this Court deems equitable and just.

## COUNT IV
## UNJUST ENRICHMENT

61.    Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth herein.

62.    Plaintiff and Class Members accepted the obligation to repay medical bills which should have been covered by their PIP medical benefit coverage based upon Defendants' statements that their PIP medical benefit coverage had been exhausted.

63.    Defendants benefitted monetarily by avoiding the payment of medical expenses which they were legally required to pay under policies of insurance providing PIP medical expense coverage as a result of their misstatements as plead in the previous paragraphs.

64.    Defendants' benefit came at the expense and detriment of Plaintiff and Class Members.

65.    Defendant has thus unjustly enriched itself by retaining the monies which should have been paid but for their misstatements as to the availability of PIP medical expense coverage under the law of New Jersey.

66.    Plaintiff and Class Members were injured as a direct and proximate cause of Defendants' acts because they accepted the obligation to pay medical expenses based on Defendants' misstatements about PIP medical expense benefits being exhausted.

67.     Because Defendants' retention of the non-gratuitous benefit conferred upon them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the members of the Class as ordered by the Court.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

        a.  Certification of this matter as a class action pursuant to *R.* 4:32;

        b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

        c.  Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

        d.  Payment of attorneys' fees and costs of suit; and

        e.  Such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq. is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 et. seq.

1.     I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.     To my knowledge, no other action or arbitration procedure is contemplated.

3.     I have no knowledge at this time of the names of any other parties who should be joined in this action.

4.      I have forwarded a copy of this Class Action Complaint to the Attorney General of the State of New Jersey and Middlesex County Office of Consumer Affairs pursuant to *N.J.S.A.* 56:8-1, *et seq.*

**JAVERBAUM WURGAFT HICKS KHAN WIKSTROM AND SININS, P.C.**

Dated: __04/13/2023__              By: /s/ *Michael A. Galpern*
                                  Michael A. Galpern, Esq.
                                  NJ Attorney ID: 029031988
                                  1000 Haddonfield-Berlin Road, Suite 203
                                  Voorhees, NJ 08043
                                  mgalpern@lawjw.com
                                  T: 856-596-4100

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the Putative Class*

A True Copy
Attest:
Process Server
Christine Foran

# EXHIBIT A



**TRAVELERS**

St. Paul Protective Insurance Company
PO Box 410
Buffalo, NY 14240-0410

12/14/2020

Regina Thompson
33 Navajo Ct
Galloway NJ 08205-3714

Insured:                    Regina Thompson
Claim Number:      IDV2323
Policy Number:      060421-9967128241206
Date of Loss:           06/11/2019

Dear Regina Thompson,

I am writing to inform you that the Personal Injury Protection benefits under this policy have been exhausted. As a result, we will be unable to make any additional payments.

Please call me at (973)631-3047 if you have any questions.

Sincerely,

Kristen Wright
Claim Professional
Direct: (973)631-3047
Office: (800)842-2475 Ext. 631-3047
Fax: (866)296-4180
Email: KJWRIGHT@travelers.com

CC  Garden State Pain Control
      University Anesthesia Services

# EXHIBIT B

PIPLqi

# TRAVELERS
## FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| INSURED: | REGINA THOMPSON | CLAIM #: | IDY2323 |
|---|---|---|---|
| CLAIMANT: | REGINA THOMPSON | DATE OF LOSS: | 6/11/2019 |
| DEDUCTIBLE: | $600/000 | POLICY #: | OMB-CX-9967438224-20L-1 |
| THRESHOLD: | Verbal | POLICY TYPE: | Auto (New Jersey) |
| POST 9/17/00 LOSS: | YES | | $15K PIP LIMIT; MAX PAYOUT $12,000 |

| Initial Deductible: | $1,000.00 | Leftover Deductible: | $0.00 |
|---|---|---|---|
| Co-Payment: | 20% | | |
| Co-Payment Maximum: | $5,000.00 | | |

| Date Received | Amount | Co-Pay | Provider | Date of Service | Amount Billed | Amount Allowed | 3rd Party Paid | 1st Party Liab n/a | Total Amount Incurred | Amount Paid | Total Amount Paid | Date Paid | # of Visits |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/19 | $395.00 | | ATLANTIC ER ASSOCIATES | 6/12/2019 | $895.00 | $395.00 | | | $395.00 | | | 7/8/19 | ER PHY |
| 7/2/19 | $605.00 | $255.50 | ATLANTICARE REG MED CTR | 6/12/2019 | $2,689.31 | $1,882.51 | | | $2,277.51 | $1,022.01 | $1,022.01 | 7/10/19 | ER |
| 7/15/19 | | $88.20 | metropolitan medical transportation | 6/12/2019 | $1,157.00 | $441.00 | | | $2,718.51 | $352.80 | $1,374.81 | 7/17/19 | AMB |
| 8/3/19 | | $11.01 | EASTERN SHORE PT | 7/25/2019 | $146.00 | $55.07 | | | $2,773.58 | $44.06 | $1,418.86 | 8/9/19 | PT EVAL |
| 8/12/19 | | $25.00 | SHORE ORTHO | 7/13/2019 | $414.00 | $125.00 | | | $2,898.58 | $100.00 | $1,518.86 | 8/21/19 | ORTHO OV |
| 8/19/19 | | $63.00 | EASTERN SHORE PT | 8/5-8/9/2019 | $530.00 | $315.00 | | | $3,213.58 | $252.00 | $1,770.86 | 9/5/19 | PT-3 |
| 8/22/19 | | $21.00 | EASTERN SHORE PT | 7/29/2019 | $165.00 | $105.00 | | | $3,318.58 | $84.00 | $1,854.86 | 9/5/19 | PT-1 |
| 9/4/19 | | $42.00 | EASTERN SHORE PT | 8/14, 8/16/19 | $400.00 | $210.00 | | | $3,528.58 | $168.00 | $2,022.86 | 9/10/19 | PT-2 |
| 9/6/19 | | $42.00 | EASTERN SHORE PT | 8/19, 8/21/19 | $365.00 | $210.00 | | | $3,738.58 | $168.00 | $2,190.86 | 9/10/19 | PT-2 |
| 9/18/19 | | $42.00 | EASTERN SHORE PT | 9/3, 9/4/2019 | $330.00 | $210.00 | | | $3,948.58 | $168.00 | $2,358.86 | 9/23/19 | PT-2 |
| 9/16/19 | | $30.14 | SHORE ORTHO | 9/5/2019 | $391.00 | $150.68 | | | $4,099.26 | $120.54 | $2,479.41 | 9/23/19 | ORTHO OV/XRAY |
| 9/19/19 | | $42.00 | EASTERN SHORE PT | 8/26-8/28/2019 | $330.00 | $210.00 | | | $4,309.26 | $168.00 | $2,647.41 | 10/1/19 | PT-2 |
| 10/7/19 | | $42.00 | EASTERN SHORE PT | 9/9-9/13/2019 | $330.00 | $210.00 | | | $4,519.26 | $168.00 | $2,815.41 | 10/15/19 | PT-2 |
| 10/7/19 | | $40.25 | EASTERN SHORE PT | 9/23-9/25/2019 | $330.00 | $201.23 | | | $4,720.49 | $160.98 | $2,976.39 | 10/15/19 | PT-2 |
| 10/7/19 | | $55.90 | EASTERN SHORE PT | 9/17-9/20/2019 | $600.00 | $376.31 | | | $5,096.80 | $320.41 | $3,296.80 | 10/25/19 | PT-3 |
| 10/14/19 | | | EASTERN SHORE PT | 10/2-10/4/2019 | $400.00 | $210.00 | | | $5,306.80 | $210.00 | $3,506.80 | 10/25/19 | PT-2 |
| 10/14/19 | | | EASTERN SHORE PT | 9/30/2019 | $200.00 | $105.00 | | | $5,411.80 | $105.00 | $3,611.80 | 10/25/19 | PT-1 |
| 10/24/19 | | | SHORE ORTHO | 10/11/2019 | $164.00 | $75.68 | | | $5,487.48 | $75.68 | $3,687.48 | 10/28/19 | ORTHO OV |
| 10/24/19 | | | EASTERN SHORE PT | 10/7, 10/11/2019 | $400.00 | $157.50 | | | $5,644.98 | $157.50 | $3,844.98 | 11/6/19 | PT-2 |
| 11/11/19 | | | EASTERN SHORE PT | 10/30-11/1/2019 | $400.00 | $210.00 | | | $5,854.98 | $210.00 | $4,054.98 | 11/21/19 | PT-2 |
| 11/15/19 | | | One Call Medical Inc | 9/26/2019 | $1,455.00 | $550.00 | | | $6,404.98 | $550.00 | $4,604.98 | 11/21/19 | CMRI |
| 11/16/19 | | | ADVANCED SPINE & PAIN | 10/18/2019 | $360.00 | $106.23 | | | $6,511.21 | $106.23 | $4,711.21 | 11/26/19 | PM OV |
| 11/26/19 | | | EASTERN SHORE PT | 11/11-11/15/2019 | $600.00 | $315.00 | | | $6,826.21 | $315.00 | $5,026.21 | 12/10/19 | PT |
| 12/2/19 | | | EASTERN SHORE PT | 11/19-11/20/2019 | $400.00 | $210.00 | | | $7,036.21 | $210.00 | $5,236.21 | 12/10/19 | PT |
| 11/27/19 | | | ADVANCED SPINE & PAIN | 11/13/2019 | $402.00 | $52.53 | | | $7,088.74 | $52.53 | $5,288.74 | 12/13/19 | ACUP |

## Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

# TRAVELERS
## FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| INSURED | | CLAIM # | |
|---|---|---|---|
| CLAIMANT | | DATE OF LOSS | |
| DEDUCTIBLE | 25/850 copay | POLICY # | |
| THRESHOLD | Verbal | POLICY TYPE | Basic Standard Old Policy |
| POST 9/17/06 LOSS | YES | | |

| Initial Deductible: | $250.00 | Leftover Deductible: | $0.00 |
|---|---|---|---|
| Co-Payment: | 20% | | |
| Co-Payment Maximum: | $5,000.00 | | |

| Date Received | Date Paid | Co Pay | Provider | Dates of Service | Amount Billed | Amount Allowed | 20% Penalty Held or Paid Yes/1 | 50% Penalty Held Yes/1 | Total Amount Allowed | Amount Paid | Total Amount Paid | Date Paid | # of Visits |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/7/19 | | | Eastern Shore PT | 11/27/2019 | $200.00 | $105.00 | | | $7,193.74 | $105.00 | $5,393.74 | 12/13/19 | PT |
| 12/14/19 | | | Eastern Shore PT | 12/3-12/6/19 | $705.00 | $378.31 | | | $7,570.05 | $378.31 | $5,770.05 | 12/20/19 | PT |
| 12/11/19 | | | ADVANCED SPINE & PAIN | 11/20/2019 | $402.00 | $26.27 | | | $7,596.32 | $26.27 | $5,796.32 | 12/24/19 | TPI |
| 12/18/19 | | | ADVANCED SPINE & PAIN | 12/4/2019 | $402.00 | $122.50 | | | $7,718.82 | $122.50 | $5,918.82 | 12/24/19 | TPI |
| 12/21/19 | | | Eastern Shore PT | 12/11/2019 | $200.00 | $105.00 | | | $7,823.82 | $105.00 | $6,023.82 | 12/27/19 | PT |
| 12/30/19 | | | Eastern Shore PT | 12/17-12/20/2019 | $600.00 | $315.00 | | | $8,138.82 | $315.00 | $6,338.82 | 1/8/20 | PT |
| 1/8/20 | | | Eastern Shore PT | 12/23/2019 | $200.00 | $52.50 | | | $8,191.32 | $52.50 | $6,391.32 | 1/8/20 | PT |
| 12/24/19 | | | ADVANCED SPINE & PAIN | 12/11/2019 | $402.00 | $122.50 | | | $8,313.82 | $122.50 | $6,513.82 | 1/8/20 | TPI |
| 1/17/20 | | | Eastern Shore PT | 1/8/2020 | $200.00 | $52.50 | | | $8,366.32 | $52.50 | $6,566.32 | 1/20/20 | PT |
| 1/22/20 | | | TOWN & COUNTY COMPOUNDING | 10/22/2019 | $65.20 | $32.60 | | | $8,398.92 | $32.60 | $6,598.92 | 1/27/20 | Rx |
| 1/23/20 | | | ADVANCED SPINE & PAIN | 1/8/2020 | $402.00 | $122.50 | | | $8,521.42 | $122.50 | $6,721.42 | 1/31/20 | TPI |
| 2/12/20 | | | ADVANCED SPINE & PAIN | 1/20/2020 | $240.00 | $120.35 | | | $8,641.77 | $120.35 | $6,841.77 | 2/14/20 | PM OV |
| 3/8/20 | | | Eastern Shore PT | 10/21-25/2019 | $705.00 | $378.31 | | | $9,018.08 | $378.31 | $7,218.08 | 3/25/20 | PT |
| 3/14/20 | | | Coastal Neurosurgery | 3/5/2020 | $525.00 | $164.48 | | | $9,182.56 | $164.48 | $7,382.56 | 3/25/20 | Neuro OV |
| 4/9/20 | | | ADVANCED SPINE & PAIN | 3/26/2020 | $240.00 | $120.35 | | | $9,302.91 | $120.35 | $7,502.91 | 4/14/20 | PM OV |
| 5/8/20 | | | Coastal Neurosurgery | 4/2/2020 | $135.00 | $43.82 | | | $9,346.73 | $43.82 | $7,546.73 | 5/11/20 | Neuro OV |
| 5/22/20 | | | ADVANCED SPINE & PAIN | 5/8/2020 | $240.00 | $120.35 | | | $9,467.08 | $120.35 | $7,667.08 | 5/26/20 | PM OV |
| 6/4/20 | $550.00 | | ONE CALL MEDICAL | 5/12/2020 | $1,550.00 | $550.00 | | | $10,017.08 | | | 6/8/20 | LMRI |
| 6/23/20 | $120.35 | | ADVANCED SPINE & PAIN | 6/9/2020 | $240.00 | $120.35 | | | $10,137.43 | | | 7/7/20 | PM OV |
| 7/14/20 | $629.65 | | ADVANCED SPINE & PAIN | 6/19/2020 | $2,200.00 | $1,050.14 | | | $11,187.57 | $520.49 | $8,187.57 | 7/17/20 | CMBB |
| 9/2/20 | | | ADVANCED SPINE & PAIN | 8/7/2020 | $2,200.00 | $934.89 | | | $12,122.46 | $934.89 | $9,122.46 | 9/16/20 | CMBB |
| 9/22/20 | | | ADVANCED SPINE & PAIN | 8/27/2020 | $240.00 | $120.35 | | | $12,242.81 | $120.35 | $9,242.81 | 10/2/20 | OV |
| 10/12/20 | | | ADVANCED SPINE & PAIN | 7/14/2020 | $160.00 | $81.31 | | | $12,324.12 | $81.31 | $9,324.12 | 10/21/20 | OV |
| 10/20/20 | | | ADVANCED SPINE & PAIN | 9/30/2020 | $180.00 | $91.31 | | | $12,415.43 | $91.31 | $9,415.43 | 10/30/20 | OV |
| 11/18/20 | | | Ambulatory Surgical Center | 11/2/2020 | $4,104.60 | $1,259.46 | | | $13,674.89 | $1,259.46 | $10,674.89 | 11/20/20 | L RFA |

## Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

# TRAVELERS

## FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| INSURED: CLAIMANT: DEDUCTIBLE: THRESHOLD POST 9/17/06 LOSS | 250/850 copay Verbal YES | CLAIM # DATE OF LOSS: POLICY #: POLICY TYPE | Basic Standard (Old Policy) |
|---|---|---|---|

| Initial Deductible: | $250.00 | Leftover Deductible: | $0.00 |
|---|---|---|---|
| Co-Payment: | 20% | | |
| Co-Payment Maximum: | $5,000.00 | | |

| Date Received | Provider | Co-pay | Procedure | Date of Service | Amount Billed | Amount Allowed | 20% Penalty Insured Yes/No | 20% Penalty Insured Yes/No | Total Amount Reduced | Amount Paid | Total Amount Paid | Date Paid | # of Visits |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

## Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |



# FAX

**To:**  ''
Company:
Fax:  **6096412677**
Phone:

**From:**  **KJWRIGHT@travelers.com**
Fax:
Phone:
E-mail:

## NOTES:

**File Cabinet Document Attach - Claim Number IDY2323**

*This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies*

**Date and time of transmission: Wednesday, December 2, 2020 8:12:50 AM**
**Number of pages including this cover sheet: 04**

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002108-23**

**Case Caption:** THOMPSON REGINA  VS TRAVELERS
INDEMNITY  COMPANY

**Case Initiation Date:** 04/13/2023

**Attorney Name:** MICHAEL ANDREW GALPERN

**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS

**Address:** 1000 HADDONFIELD-BERLIN RD STE 203
VOORHEES NJ 08043

**Phone:** 8565964100

**Name of Party:** PLAINTIFF : Thompson, Regina

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Regina Thompson?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/13/2023
Dated

/s/ MICHAEL ANDREW GALPERN
Signed

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   APRIL 13, 2023
                    RE:     THOMPSON REGINA  VS TRAVELERS INDEMNITY  COMPANY
                    DOCKET: MID L -002108 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON GARY K. WOLINETZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88294.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: MICHAEL A. GALPERN
                              JAVERBAUM WURGAFT HICKS KAHN W
                              1000 HADDONFIELD-BERLIN RD
                              STE 203
                              VOORHEES          NJ 08043


ECOURTS
```



# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 26763214**
**Date Processed: 04/18/2023**

| | |
|---|---|
| **Primary Contact:** | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>1 Tower Sq<br>Rm 8MS<br>Hartford, CT 06183-0001 |

| | |
|---|---|
| **Entity:** | St. Paul Protective Insurance Company<br>Entity ID Number  1722066 |
| **Entity Served:** | St. Paul Protective Insurance Company |
| **Title of Action:** | Regina Thompson vs. Travelers Indemnity Company |
| **Matter Name/ID:** | Regina Thompson vs. Travelers Indemnity Company (13937819) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Middlesex County Superior Court, NJ |
| **Case/Reference No:** | MID-L002108-23 |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 04/17/2023 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | Travelers on 04/17/2023 |
| **How Served:** | Client Direct |
| Sender Information: | Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.<br>856-596-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Bautista, Jenn**

| | |
|---|---|
| **From:** | Beyer, Pamela J <PBEYER@travelers.com> |
| **Sent:** | Monday, April 17, 2023 1:07 PM |
| **To:** | TravelersSOP |
| **Cc:** | Beyer, Pamela J |
| **Subject:** | Travelers Direct April 17 Thompson, Regina et al. v. Travelers Indemnity Co., et al - Complaint |
| **Attachments:** | Thompson, Regina et al. v. Travelers Indemnity Co., et al - Complaint.pdf |
| | |
| **Importance:** | High |

**Pamela Beyer | Sr Service of Process Coord | Corporate Litigation**
Travelers
385 S Washington Street |9275- LC12L
St. Paul, MN 55102
W: 651-310-3682   F: 651-310-8204



**From:** Tutewohl Smith, Susan M <STUTEWOH@travelers.com>
**Sent:** Monday, April 17, 2023 3:03 PM
**To:** Beyer, Pamela J <PBEYER@travelers.com>
**Subject:** Thompson, Regina et al. v. Travelers Indemnity Co., et al - Complaint

Hi Pam,

A complaint was served on us today for St. Paul Protective Insurance regarding the matter named above.

Thanks, Susan

**Susan Tutewohl Smith | Senior Administrative Assistant | Corporate Legal**
Travelers
385 Washington Street | MC: 9275-LC12L
St. Paul, MN 55102
W: 651.310.2521   F: 800.656.1299

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

@ door
4/17/23 @
2:18 pm
(STS)



# JAVERBAUM WURGAFT
## HICKS KAHN WIKSTROM & SININS, P.C.
Certified Trial Attorneys

**Michael A. Galpern, Esquire**
mgalpern@lawjw.com

1000 HADDONFIELD BERLIN ROAD
SUITE 203
VOORHEES, NJ 08043
PHONE: 856.596.4100
FAX: 856.702.6640

www.lawjw.com

April 14, 2023

**Via Guaranteed Subpoena**
St. Paul Protective Insurance Company
385 Washington Street
Saint Paul, MN 55102

 Re:  Regina Thompson on behalf of herself and all others similarly situated v. Travelers
      Indemnity Company; St. Paul Protective Insurance Company; et al.
      Docket No.: MID-L-2108-23

Dear Sir or Madam:

Enclosed please find the following:

1. Civil Case Information Statement;
2. Summons and Civil Complaint with Jury Demand containing:
   - Designation of Trial Counsel;
   - Certification Pursuant to Rule 4:5-1
3. Track Assignment Notice.

Please be guided accordingly.

Very truly yours,
JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.

/s/ Michael A. Galpern

MICHAEL A. GALPERN, ESQUIRE

MAG/mlc/encl.

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the putative Class*

| | |
|---|---|
| REGINA THOMPSON on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY; ST. PAUL PROTECTIVE INSURANCE COMPANY and ABC CORPORATION (1-100) <br><br> Defendants | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY LAW DIVISION <br><br> Docket No.: <br><br> CIVIL ACTION <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND FOR TRIAL** |

Plaintiff Regina Thompson, by counsel and on behalf of herself and all others similarly situated, individually and as class representative, for her Class Action Complaint against Defendants Travelers New Jersey Insurance Co., Travelers Insurance Co., and St. Paul Protective Insurance Company, alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

## INTRODUCTION

1.     This is a consumer class action brought on by Plaintiff Regina Thompson on her own behalf and on behalf of all others similarly situated against Defendants, including related and wholly owned entities that, collectively, sell automobile insurance in New Jersey as "Travelers.[1]"

2.     In short, the State of New Jersey has established by explicit statute, *N.J.S.A.* 39:6A-4.3(e), that insurers offering Personal Injury Protection ("PIP") medical expense benefits, must provide a minimum of $15,000 in PIP coverage.

3.     Rather than comply with the mandates of New Jersey law, however, Travelers has had a policy and practice of deceptively selling standard automobile policies which purport to provide PIP benefits of $15,000 which Travelers intends to reduce by subtracting co-pays and deductibles from the overall amount of coverage. This is not made clear in the declaration pages provided by Travelers to insureds and is in violation of controlling New Jersey law.

4.     Accordingly, Plaintiff Regina Thompson, and numerous other consumers have been illegally sold policies with PIP medical expense benefits which Travelers intends to limit to provide less than $15,000 in PIP coverage.

5.     Plaintiff and Class Members have, when they needed coverage in an amount equal to or in excess of $15,000, been denied required PIP medical expense coverage by Travelers. Travelers' actions have violated New Jersey's Consumer Fraud Act, *N.J.S.A.* 56:8-1, *et seq.*, pursuant to which Plaintiff and Class Members are entitled to relief.

---

[1] As used herein "Travelers" or "Defendants" will refer jointly to the Travelers entities sued in this action, all of these entities appear on the insurance policy documents provided to Plaintiff.

6.     This action seeks to redress Travelers' illegal and wrongful actions by compelling Travelers to provide the full $15,000 in PIP coverage which the Legislature mandated to the insureds who purchased such coverage.  This action seeks declaratory, injunctive and monetary relief for Regina Thompson and all others similarly situated.

## THE PARTIES

7.     Plaintiff, Regina Thompson is a citizen of the State of New Jersey and resides in Atlantic County.

8.     Defendant Travelers Indemnity Company, is a Connecticut corporation with its headquarters located at One Tower Square, Hartford, Connecticut 06183.

9.     Defendant St. Paul Protective Insurance Co., is a Minnesota corporation with its headquarters located at 385 Washington St. Saint Paul, MN 55102.

10.     Defendants ABC Corporation (1-100) are fictitious names for business entities (including sole proprietorships, partnerships, limited liability companies, and/or corporations) whose true identities are not known at the present time, but who at all times relevant to this action were responsible for or engaged in the practice of selling insurance under the Travelers' name, and/or advising Travelers' insureds that their PIP medical expense benefits were exhausted prior to $15,000 being paid to cover the insured's medical expenses as alleged herein, in connection with the business of Defendants, which forms the basis for the present complaint. Plaintiffs reserve the right to file an amended complaint re-naming ABC Corporations once their true identity is known.

11.     At all relevant times, Defendants were related corporate entities which conducted business throughout New Jersey, including but not limited to Middlesex County.

12. At all times relevant hereto, each of the Travelers Defendants purposefully availed themselves of and regularly conducted business in the State of New Jersey and had sufficient minimal contacts therewith that maintenance of suit against Defendants in this State does not offend traditional notions of fair play and substantial justice, and the transactions at issue occurred primarily or exclusively in New Jersey. Defendants are all licensed by the New Jersey Department of Banking and Insurance (DOBI) to write insurance in New Jersey. As licensee, Travelers has agreed to follow the rules established for insurance in the State of New Jersey whenever writing policies in the State of New Jersey.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over the Defendants as Defendants regularly conduct business in the State of New Jersey.

14. Venue in this Court is proper as Defendants regularly conducts business in the County of Middlesex.

## FACTUAL ALLEGATIONS

15. Travelers is an insurance company licensed by the State of New Jersey to sell automobile insurance in this State.

16. The business of the sale of insurance in New Jersey is a matter in which the Legislature of the State has enacted specific statutory provisions and requirements. Included are statutory provisions relating to the sale of automobile insurance. At issue and relevant here are the statutory provisions relating to the contractual requirements for Personal Injury Protection benefits as they apply to a standard automobile insurance policy, particularly *N.J.S.A.* 39:6A-4 and particularly *N.J.S.A.* 39:6A-4(e) which provides in relevant part:

> With respect to personal injury protection coverage provided on an automobile...the automobile insurer shall provide the following

> coverage options:…Medical expense benefits in amounts of $150,000,
> $75,000, $50,000 or $15,000 per person per accident…

17.     In other words, the Legislature has mandated that in connection with the sale of a

standard automobile liability insurance policy, an insurer must – "shall" – provide a minimum of

$15,000 in medical expense benefits, the statute provides no basis for an insurer to apply co-pays

and/or deductibles to reduce the amount of medical expense benefits available to an insured who

has purchased an automobile insurance policy.

18.     Travelers, however, has failed to comply with the Legislature's mandated

requirements and instead, as in the case of Plaintiff and the Class proposed here, has provided less

than $15,000 in medical expense benefits coverage, by claiming to insureds that as a result of the

co-pays and deductibles in their policies, benefits had been exhausted prior to $15,000 in medical

expense benefits being utilized to pay for the care and treatment of insureds.

19.     Insureds are not alerted to the way that Travelers' intends to reduce the available

coverage at the time they purchase coverage, and therefore are unable to fairly or accurately

compare the policies offered to them by Travelers' as opposed to those offered by other insurers.

In fact, even the declarations pages provided to insureds at the time they purchase insurance from

Travelers indicate that $15,000 in PIP medical expense benefits is being made available to them.

For example, the declarations page for Plaintiff, Regina Thompson, provides in relevant part:



**TRAVELERS**

## Automobile Policy Declarations

**1. Named Insured**
REGINA THOMPSON
GALLOWAY, NJ 08205-3734

**Your Auto Policy Number**
**Your Account Number**

**Your Agency's Name and Address**
TRAVELERS
PO BOX 59059
KNOXVILLE, TN 37950-9059

| | |
|---|---|
| **For Policy Service** | 1.866.751.0255 |
| **For Claim Service** | For questions on filing a claim or to file a claim go to **Travelers.com** or call 1.800.252.4633 |
| **For Roadside Assistance** | 1.800.252.4633 |

**2. Premium**

This is change number 5, which is effective May 29, 2019.
* This change decreases the premium by $24 for the remainder of the policy period.
* The policy period is from November 1, 2018 to November 1, 2019.
* Driver level discount has been added.
* These Declarations replace all prior Automobile Policy Declarations on the date on which this change is effective.

**3. Your Vehicles**

1. 2013 FORD EDGE SEL
2. 2015 CHRYS 200 LIMITE



**Identification Numbers**



**TRAVELERS**

**4. Coverages, Limits of Liability and Premiums (continued)**

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

| | VEHICLE 1 | VEHICLE 2 |
|---|---|---|
| | **13 FORD EDGE SEL** | **15 CHRYS 200 LIMITE** |
| **Q. Personal Injury Protection:** Medical Expenses Only Primary Cov. Limitation on Lawsuit Option Medical Expenses Limit $15,000 Deductible $2,500 | $459 | $640 |

20.     By letter dated December 14, 2020 Travelers advised Plaintiff that her PIP benefits

had been exhausted, despite not having paid 15,000 in benefits to cover Plaintiff's required medical

treatment. (A true and correct copy of the exhaustion letter is attached as Exhibit A)

21. A payment ledger provided by Travelers in December of 2020 also reflected Travelers' position that despite Plaintiff having $15,000 in PIP benefits, the maximum they would pay under the policy was $12,000. (A true and correct copy of the PIP payment ledger is attached hereto as Exhibit B).

22. Insureds are therefore misled at the time they purchase their insurance, and throughout the relationship with Travelers until they are injured and require medical care that requires the full amount (or more) of their coverage.

23. The circumstances of Plaintiff Regina Thompson are typical of the members of the Class. Plaintiff applied for automobile insurance from Travelers. In purchasing insurance, she was presented with options for available PIP coverage, including the mandatory minimum of $15,000 in coverage. At no time during the purchasing process was she advised that the coverage limits were not actually $15,000 and instead would be reduced by her selected copay/deductible. The declaration page provided to her reflected the selection of $15,000 and provided that such limits would be available to pay for medical care in the event that she were involved in a motor vehicle accident.

24. Plaintiff Regina Thompson subsequently was involved in an automobile accident on June 11, 2019. Her medical bills for treatment of the injuries that she sustained in the accident were far in excess of $15,000. Plaintiff Regina Thompson by and through her providers, submitted said bills for reimbursement, but Travelers refused to pay in excess of $12,000 for any medical bills – wrongfully claiming that the PIP policy was exhausted prior to benefits of $15,000 being paid.

25. Numerous other individuals have, like Plaintiff, been involved in automobile accidents where they required medical treatment costing $15,000 or more, and upon requests for

reimbursement to Travelers, were informed that their medical expense benefits were exhausted prior to Travelers paying $15,000 in benefits, in violation of *N.J.S.A.* 39:6A-4(e).

26.     The acts and practices of Travelers have been consumer oriented, have caused ascertainable losses to consumers and have constituted unconscionable commercial practices, deception, fraud, and misrepresentations of material facts with the intent that others, including Plaintiff and other members of the Class, rely upon them in connection with the purchase of motor vehicle insurance coverage and the services related to said purchase, all in violation of the New Jersey Consumer Fraud Act.

27.     Inasmuch as Travelers did not comply with *N.J.S.A.* 39:6A-4.3, the limitation of the PIP coverage in consumers' policies to amounts less than the stated limit of $15,000 was invalid and illegal, and therefore these individuals – like Plaintiff – are entitled to insurance coverage in excess of what Travelers did provide. At no time did Travelers inform consumers that they were in fact entitled to $15,000 in PIP coverage, instead Travelers regularly misrepresented that coverage available was less than that amount.

28.     As a result of Travelers' actions, Plaintiff and other members of the Class are entitled to declaratory and injunctive relief that Travelers must provide them with the full $15,000 coverage which they purchased, and are also entitled to reimbursement of all costs, as damages that they have paid in excess of the amounts Travelers paid up to the $15,000 in coverage which should have been provided. Additionally, as Travelers' actions have violated the New Jersey Consumer Fraud Act, Plaintiffs are entitled to treble damages and the other relief set forth below.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action as a Class Action pursuant to Rule 4:32 on behalf of the class defined as:

All individuals who since April 13, 2017 have been policyholders owning or beneficiaries of standard automobile liability insurance policies with Travelers which purported to provide $15,000 in Personal Injury Protection (PIP) medical expense benefits and who, upon utilizing such benefits, were advised that PIP benefits had been exhausted prior to Travelers paying $15,000 in medical expenses.

Excluded from the Class are Defendants, each of their parents, subsidiaries, authorized distributors and affiliates, and their legal representatives, heirs, successors, and assigns of any excluded person.

30.    The Class is so numerous that joinder of all members is impracticable. Plaintiff believes that there are more than fifty (50) Class Members. Although the exact number and identities of individual Class Members are presently unknown, the number of Class Members can easily be ascertained from Defendants' records and other appropriate discovery.

31.    There are questions of fact and law which are common to the Class that predominate over any questions affecting only individual Class Members. Among the common questions of law and fact are the following:

    a.   Whether Travelers had a policy and practice of selling standard automobile insurance policies to consumers which purported to provide $15,000 in PIP benefits while knowing it would claim that it was not obligated to pay such amounts should benefits be utilized;

    b.   Whether Travelers' practice of claiming that they were not legally obligated to pay $15,000 in PIP benefits under standard automobile policies violated *N.J.S.A.* 39:6A-4.3;

    c.   Whether Plaintiff and the other members of the Class have suffered ascertainable losses as a result of Travelers' actions.

d. Whether Travelers has failed to pay the full medical expense benefits to which Class Members were entitled;

e. Whether Travelers has violated the New Jersey Consumer Fraud Act;

f. Whether Plaintiff and other Class Members are entitled to damages and/or restitution and declaratory and/or injunctive relief.

g. Whether Defendants letters claiming that insureds had exhausted the available PIP limits under policies of insurance violated the clearly established legal rights of Class Members.

32.    Plaintiffs' claims are typical of the claims of the other Class Members, because all such claims arise out of Defendants' standard policies and practices relating to handling PIP medical expense coverage claims and Plaintiff will assert and pursue the same claims as other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class action and consumer litigation. Accordingly, Plaintiff is an adequate representative of, and will fairly and adequately protect the interests of the Class.

33.    Defendant has acted on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the Class as a whole.

34.    The prosecution of separate actions by individual Class members will create a risk of inconsistent or varying adjudications.

35.　　A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.　　The monetary damages sought on behalf of the Class are readily calculated and attributable to Class Members.

**COUNT I**
**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**

37.　　Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth herein.

38.　　At all times relevant hereto, the CFA was in full force and effect. *N.J.S.A.* § 56:8-1 provides that:

> "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . in connection with the sale . . . of any merchandise . . . is declared to be an unlawful practice."

39.　　At all relevant times hereto, the Defendant was prohibited by the CFA from engaging in unfair deceptive acts or practices in the conduct of their business in the State of New Jersey. The actions of the Defendant constitute a violation of the CFA, *N.J.S.A.* § 56:8-1, *et seq.*, in that such actions were immoral, unethical, oppressive, unscrupulous, offend public policy, directly violated longstanding New Jersey law and caused substantial injury to consumers, including Plaintiff and Class Members, and were done with indifference to the rights of the Plaintiff and Class Members.

40.　　Defendant's practice in affirmatively representing that it was selling standard automobile policies of insurance which provided the legally mandated minimum PIP coverage of $15,000 while having a policy and practice of advising insureds who needed to access those

benefits that available coverage was less than that amount is an unconscionable commercial practice in violation of the CFA.

41.     Insureds advised that PIP benefits had been exhausted prior to Travelers paying $15,000 in PIP benefits have suffered an ascertainable loss.

42.     The actions of the Defendant as described in this complaint caused the Plaintiff and Class Members to suffer actual and ascertainable injuries, damages, loss of money and property.

43.     The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

44.     As a direct and proximate result of the foregoing, the Plaintiff and Class Members have been damaged in an amount to be determined at trial, including compensatory damages and other miscellaneous incidental and consequential damages.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Sub-Class Members against Defendant for:

   a.  Certification of this matter as a class action pursuant to *R.* 4:32;

   b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

   c.  Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

   d.  Treble Damages, punitive damages, attorney's fees and costs of suit pursuant to *N.J.S.A.* 56:8-19; and

   e.  Such other and further relief as this Court deems equitable and just.

## COUNT II
## VIOLATIONS OF THE NEW JERSEY TRUTH IN CONSUMER CONTRACT WARRANTY AND NOTICE ACT ("TCCWNA")

45.     Plaintiffs repeat and re-allege all the allegations set forth in the preceding paragraphs as if fully set forth herein.

46.     The exhaustion letters that Plaintiffs and Class Members received from Defendant were notices subject to the TCCWNA at *N.J.S.A.* 56:12-15.

47.     The TCCWNA at *N.J.S.A.* 56:12-15 prohibits sellers, creditors and lenders from offering or entering into consumer contracts, or giving or displaying consumer notices that contain any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

48.     The TCCWNA was designed to prevent businesses from imposing on New Jersey consumers contract provisions whose mere inclusion in a consumer contract would violate the rights of consumers and deceive them into thinking such illegal provisions were valid, and thereby, they would not even try to enforce their rights:

> Far too many consumer contracts, warranties, notices and signs, contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce their rights.

*See* Sponsor's Statement, Statement to Assembly Bill No. 1660 (May 1, 1980).

49.     Plaintiff and Class Members are "consumers" and/or "aggrieved consumers" under TCCWNA.

50.     Plaintiff and Class Members are "aggrieved" by virtue of having had their PIP benefits terminated prior to the exhaustion of the limits required by New Jersey law.

51.     Defendant was and is a "seller, creditor and/or lender" under TCCWNA.

52.     Defendant's conduct as alleged herein is subject to the TCCWNA.

53.     TCCWNA provides that "[t]he right, remedies and prohibitions" provided by these consumer protection acts "are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law of statutes of this State and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition." *N.J.S.A.* 56:12-18.

54.     Defendant's exhaustion letters violate the clearly established rights of consumers under *N.J.S.A.* 39:6A-4(e) by purporting to provide Plaintiff and Members of the Class with less than $15,000 in PIP coverage under their standard automobile policies.

55.     Based upon the foregoing, Plaintiff and all Class Members are entitled to damages in the amount of "a civil penalty of not less than $100 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." *N.J.S.A.* 56:12-17.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

a.  Certification of this matter as a class action pursuant to *R.* 4:32;

b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

c.  Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

    d.  Payment of a statutory penalty of $100 and/or actual damages to Plaintiff and each Class Member;

    e.  Payment of attorneys' fees and costs of suit; and

    f.  Such other and further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF CONTRACT

56.    Plaintiffs repeat and re-allege all the allegations set forth in the preceding paragraphs as if fully set forth herein.

57.    Plaintiff and each Class Member either entered into a contract or were the intended third party beneficiaries of a contract for automobile insurance with Defendants.

58.    Said contracts provided for $15,000 in PIP medical benefits coverage.

59.    Defendants failed to provide $15,000 in PIP coverage to Plaintiff and each Class Member, and instead advised Plaintiff and Class Members that benefits were exhausted prior to providing $15,000 in coverage.

60.    Defendants' failure to pay required medical expenses for the care and treatment of Plaintiff and Class Members up to the full amount of $15,000 provided in their contracts of insurance was a breach of the contracts of insurance entered into by Defendants.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

    a.  Certification of this matter as a class action pursuant to *R.* 4:32;

    b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

    c. Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

    d. Payment of attorneys' fees and costs of suit; and

    e. Such other and further relief as this Court deems equitable and just.

**COUNT IV**
**UNJUST ENRICHMENT**

61.    Plaintiff repeats all the allegations set forth in the preceding paragraphs as if fully set forth herein.

62.    Plaintiff and Class Members accepted the obligation to repay medical bills which should have been covered by their PIP medical benefit coverage based upon Defendants' statements that their PIP medical benefit coverage had been exhausted.

63.    Defendants benefitted monetarily by avoiding the payment of medical expenses which they were legally required to pay under policies of insurance providing PIP medical expense coverage as a result of their misstatements as plead in the previous paragraphs.

64.    Defendants' benefit came at the expense and detriment of Plaintiff and Class Members.

65.    Defendant has thus unjustly enriched itself by retaining the monies which should have been paid but for their misstatements as to the availability of PIP medical expense coverage under the law of New Jersey.

66.    Plaintiff and Class Members were injured as a direct and proximate cause of Defendants' acts because they accepted the obligation to pay medical expenses based on Defendants' misstatements about PIP medical expense benefits being exhausted.

67.     Because Defendants' retention of the non-gratuitous benefit conferred upon them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the members of the Class as ordered by the Court.

**WHEREFORE**, Plaintiff, Regina Thompson, on behalf of herself and others similarly situated, demands judgment for the Plaintiff and Class Members against Defendants for:

a.  Certification of this matter as a class action pursuant to *R.* 4:32;

b.  Entry of an Order enjoining Defendants from advising insureds that available PIP benefits had been exhausted prior to paying the applicable limits;

c.  Monetary payment of the amounts remaining between the payments made by Defendant and the $15,000 in PIP benefits which should have been provided to Plaintiff and Class Members as required by law;

d.  Payment of attorneys' fees and costs of suit; and

e.  Such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, Michael A. Galpern, Esq. is hereby designated as trial attorney in the above matter.

## CERTIFICATION PURSUANT TO RULE 4:5-1 and N.J.S.A. 56:8-1 et. seq.

1.  I hereby certify that to my knowledge the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.  To my knowledge, no other action or arbitration procedure is contemplated.

3.  I have no knowledge at this time of the names of any other parties who should be joined in this action.

4.    I have forwarded a copy of this Class Action Complaint to the Attorney General of the State of New Jersey and Middlesex County Office of Consumer Affairs pursuant to *N.J.S.A.* 56:8-1, *et seq.*

**JAVERBAUM WURGAFT HICKS KHAN WIKSTROM AND SININS, P.C.**

Dated: 04/13/2023

By: /s/ *Michael A. Galpern*
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT A



**TRAVELERS**

St. Paul Protective Insurance Company
PO Box 430
Buffalo, NY 34240-0430

3/31/2020

Regina Thompson
[address]
[city] NJ 09283-3734

Regina Thompson
IDV2323
0488421-996712824-206        -1
06/11/2019

Claim Number:
Policy Number:
Date of Loss:

Dear Regina Thompson,

I am writing to inform you that the Personal Injury Protection benefits under this policy have been exhausted. As a result, we will be unable to make any additional payments.

Please call me at (973)631-3047 if you have any questions.

Sincerely,

Kristen Wright
Claim Professional
Direct: (973)631-3047
Office: (800)842-2475 Ext. 631-3047
Fax: (866)296-4180
Email: KJWRIGHT@travelers.com

CC: Garden State Pain Control
      University Anesthesia Services

# EXHIBIT B

TEOFAXP5                    GMT 12/2/2020 2:13:18 PM   PAGE   2/004   Fax Server

PIP Log

Page:      1
Claimant:  002

# TRAVELERS
## FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| ASSURED | REGINA THOMPSON | CLAIM # | (illegible) |
|---|---|---|---|
| CLAIMANT | REGINA THOMPSON | DATE OF LOSS | (illegible) |
| DEDUCTIBLE | $250.00 | POLICY # | (illegible) |
| THRESHOLD | Verbal | POLICY TYPE | (illegible) |
| POST 8/17/08 LOSS | YES | $15K PIP LIMIT; MAX PAYOUT $12,000 | |

| Initial Deductible: | $1,500.00 | | Leftover Deductible: | $0.00 |
|---|---|---|---|---|
| Co-Payment: | 20% | | | |
| Co-Payment Maximum: | $5,350.00 | | | |

| Date | Amount | Deduct | Provider | Dates of Service | Amount Billed | Amount Allowed | Ins Est | Ins Est | Amount Paid | Pmt | Running Total | Date Pmt | PT Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/19 | $395.00 | | ATLANTIC ER ASSOCIATES | 6/12/2019 | $805.00 | $395.00 | | | $395.00 | | | 7/9/19 | ER PHY |
| 7/2/19 | $605.00 | $285.60 | ATLANTICARE REG MED CTR | 6/12/2019 | $2,889.31 | $1,662.61 | | | $2,277.61 | $1,022.01 | $1,022.01 | 7/10/19 | ER |
| 7/15/19 | | $88.20 | ...transportation... | 6/12/2019 | $1,167.00 | $441.00 | | | $2,718.61 | $352.80 | $1,374.81 | 7/17/19 | AMB |
| 8/3/19 | | $11.01 | EASTERN SHORE PT | 7/25/2019 | $145.00 | $55.07 | | | $2,773.58 | $44.06 | $1,418.88 | 8/9/19 | PT EVAL |
| 8/12/19 | | $25.00 | SHORE ORTHO | 7/13/2019 | $414.00 | $125.00 | | | $2,898.58 | $100.00 | $1,518.88 | 8/21/19 | ORTHO OV |
| 8/19/19 | | $63.00 | EASTERN SHORE PT | 8/5-8/9/2019 | $630.00 | $315.00 | | | $3,213.58 | $252.00 | $1,770.88 | 9/5/19 | PT-3 |
| 8/22/19 | | $21.00 | EASTERN SHORE PT | 7/29/2019 | $165.00 | $105.00 | | | $3,318.58 | $84.00 | $1,854.88 | 9/5/19 | PT-1 |
| 9/4/19 | | $42.00 | EASTERN SHORE PT | 8/14, 8/16/19 | $400.00 | $210.00 | | | $3,528.58 | $168.00 | $2,022.88 | 9/10/19 | PT-2 |
| 9/8/19 | | $42.00 | EASTERN SHORE PT | 8/19, 8/21/19 | $385.00 | $210.00 | | | $3,738.58 | $168.00 | $2,190.88 | 9/10/19 | PT-2 |
| 9/18/19 | | $42.00 | EASTERN SHORE PT | 9/3, 9/4/2019 | $330.00 | $210.00 | | | $3,948.58 | $168.00 | $2,358.88 | 9/23/19 | PT-2 |
| 9/18/19 | | $30.14 | SHORE ORTHO | 9/5/2019 | $391.00 | $150.68 | | | $4,099.26 | $120.54 | $2,479.41 | 9/23/19 | OV ORTHO XRAY |
| 9/18/19 | | $42.00 | EASTERN SHORE PT | 8/26-8/28/2019 | $330.00 | $210.00 | | | $4,309.26 | $168.00 | $2,647.41 | 10/1/19 | PT-2 |
| 10/7/19 | | $42.00 | EASTERN SHORE PT | 9/9-9/13/2019 | $330.00 | $210.00 | | | $4,519.26 | $168.00 | $2,815.41 | 10/16/19 | PT-2 |
| 10/7/19 | | $40.25 | EASTERN SHORE PT | 9/23-9/25/2019 | $330.00 | $201.23 | | | $4,720.49 | $160.98 | $2,976.39 | 10/16/19 | PT-2 |
| 10/7/19 | | $55.00 | EASTERN SHORE PT | 9/17-9/20/2019 | $600.00 | $376.31 | | | $5,096.80 | $320.41 | $3,296.80 | 10/26/19 | PT-3 |
| 10/14/19 | | | EASTERN SHORE PT | 10/2-10/4/2019 | $400.00 | $210.00 | | | $5,306.80 | $210.00 | $3,506.80 | 10/25/19 | PT-2 |
| 10/14/19 | | | EASTERN SHORE PT | 9/30/2019 | $200.00 | $105.00 | | | $5,411.80 | $105.00 | $3,611.80 | 10/25/19 | PT-1 |
| 10/24/19 | | | SHORE ORTHO | 10/11/2019 | $184.00 | $75.68 | | | $5,487.48 | $75.68 | $3,687.48 | 10/28/19 | ORTHO OV |
| 10/24/19 | | | EASTERN SHORE PT | 10/7, 10/11/2019 | $400.00 | $157.50 | | | $5,644.98 | $157.50 | $3,844.98 | 11/8/19 | PT-2 |
| 11/11/19 | | | EASTERN SHORE PT | 10/30-11/1/2019 | $400.00 | $210.00 | | | $5,854.98 | $210.00 | $4,054.98 | 11/21/19 | PT-2 |
| 11/15/19 | | | One Call Medical Inc | 9/26/2019 | $1,455.00 | $550.00 | | | $6,404.98 | $550.00 | $4,604.98 | 11/21/19 | CMRI |
| 11/18/19 | | | ADVANCED SPINE & PAIN | 10/18/2019 | $380.00 | $106.23 | | | $6,511.21 | $106.23 | $4,711.21 | 11/26/19 | PM OV |
| 11/26/19 | | | EASTERN SHORE PT | 11/11-11/15/2019 | $600.00 | $315.00 | | | $6,826.21 | $315.00 | $5,026.21 | 12/10/19 | PT |
| 12/2/19 | | | EASTERN SHORE PT | 11/18-11/20/2019 | $400.00 | $210.00 | | | $7,036.21 | $210.00 | $5,236.21 | 12/10/19 | PT |
| 11/27/19 | | | ADVANCED SPINE & PAIN | 11/13/2019 | $402.00 | $52.63 | | | $7,088.74 | $52.63 | $5,288.74 | 12/13/19 | ACUP |

## Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

MID-L-002108-23  04/13/2023 3:52:23 PM  Pg 3 of 5  Trans ID: LCV20231268474

TEOFAXP5                    GMT 12/2/2020 2:13:16 PM   PAGE   3/004   Fax Server

Page:     2
Claimant:  001

# TRAVELERS
## FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| INSURED: | | | | CLAIM #: | |
| CLAIMANT: | | | | DATE OF LOSS: | |
| DEDUCTIBLE: | Initial copay | | | POLICY #: | |
| THRESHOLD: | Verbal | | | POLICY TYPE: | Basic Manual / No Elect |
| POST INTER LOSS | YES | | | | |

| Initial Deductible: | $250.00 | | Leftover Deductible: | $0.00 |
| Co-Payment: | 20% | | | |
| Co-Payment Maximum: | $5,000.00 | | | |

| Date Received | Amount | Amount | Provider | Date of Service | Amount Billed | Amount Allowed | | | Total Amount | Total Paid | Total Amount | Date Paid | Activity |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/7/18 | | | Eastern Shore PT | 11/27/2019 | $200.00 | $105.00 | | | $7,193.74 | $105.00 | $5,393.74 | 12/13/19 | PT |
| 12/14/18 | | | Eastern Shore PT | 12/3-12/6/19 | $705.00 | $376.31 | | | $7,570.05 | $376.31 | $5,770.05 | 12/20/19 | PT |
| 12/11/19 | | | ADVANCED SPINE & PAIN | 11/20/2019 | $402.00 | $26.27 | | | $7,596.32 | $26.27 | $5,796.32 | 12/24/19 | TPI |
| 12/18/19 | | | ADVANCED SPINE & PAIN | 12/4/2019 | $402.00 | $122.50 | | | $7,718.82 | $122.50 | $5,918.82 | 12/24/19 | TPI |
| 12/21/19 | | | Eastern Shore PT | 12/11/2019 | $200.00 | $103.00 | | | $7,823.82 | $103.00 | $6,023.82 | 12/27/19 | PT |
| 12/30/18 | | | Eastern Shore PT | 12/17-12/20/2019 | $600.00 | $315.00 | | | $8,138.82 | $315.00 | $6,338.82 | 1/8/20 | PT |
| 1/8/20 | | | Eastern Shore PT | 12/23/2019 | $200.00 | $52.50 | | | $8,191.32 | $52.50 | $6,391.32 | 1/8/20 | PT |
| 12/24/18 | | | ADVANCED SPINE & PAIN | 12/11/2019 | $402.00 | $122.50 | | | $8,313.82 | $122.50 | $6,513.82 | 1/8/20 | TPI |
| 1/17/20 | | | Eastern Shore PT | 1/8/2020 | $200.00 | $52.50 | | | $8,366.32 | $52.50 | $6,566.32 | 1/20/20 | PT |
| 1/22/20 | | | TOWN & COUNTRY COMPOUNDING | 10/22/2019 | $65.20 | $32.60 | | | $8,398.92 | $32.60 | $6,598.92 | 1/27/20 | Rx |
| 1/23/20 | | | ADVANCED SPINE & PAIN | 1/8/2020 | $402.00 | $122.50 | | | $8,521.42 | $122.50 | $6,721.42 | 1/31/20 | TPI |
| 2/12/20 | | | ADVANCED SPINE & PAIN | 1/20/2020 | $240.00 | $120.35 | | | $8,641.77 | $120.35 | $6,841.77 | 2/14/20 | PM OV |
| 3/9/20 | | | Eastern Shore PT | 10/21-26/2019 | $705.00 | $376.31 | | | $9,018.08 | $376.31 | $7,218.08 | 3/25/20 | PT |
| 3/14/20 | | | Coastal Neurosurgery | 3/5/2020 | $525.00 | $164.48 | | | $9,182.56 | $164.48 | $7,382.56 | 3/26/20 | Neuro OV |
| 4/9/20 | | | ADVANCED SPINE & PAIN | 3/26/2020 | $240.00 | $120.35 | | | $9,302.91 | $120.35 | $7,502.91 | 4/14/20 | PM OV |
| 3/8/20 | | | Coastal Neurosurgery | 4/2/2020 | $135.00 | $43.82 | | | $9,346.73 | $43.82 | $7,546.73 | 5/11/20 | Neuro OV |
| 5/22/20 | | | ADVANCED SPINE & PAIN | 5/6/2020 | $240.00 | $120.35 | | | $9,467.08 | $120.35 | $7,667.08 | 5/26/20 | PM OV |
| 6/4/20 | $550.00 | | ONE CALL MEDICAL | 5/12/2020 | $1,560.00 | $550.00 | | | $10,017.08 | | | 6/8/20 | LMRI |
| 6/23/20 | $120.35 | | ADVANCED SPINE & PAIN | 6/9/2020 | $240.00 | $120.35 | | | $10,137.43 | | | 7/7/20 | PM OV |
| 7/14/20 | $529.65 | | ADVANCED SPINE & PAIN | 6/19/2020 | $2,200.00 | $1,050.14 | | | $11,187.57 | $520.49 | $8,187.57 | 7/17/20 | CMBB |
| 9/2/20 | | | ADVANCED SPINE & PAIN | 8/7/2020 | $2,200.00 | $934.89 | | | $12,122.46 | $934.89 | $9,122.46 | 9/18/20 | CMBB |
| 9/22/20 | | | ADVANCED SPINE & PAIN | 8/27/2020 | $240.00 | $120.35 | | | $12,242.81 | $120.35 | $9,242.81 | 10/2/20 | OV |
| 10/12/20 | | | ADVANCED SPINE & PAIN | 7/14/2020 | $180.00 | $81.31 | | | $12,324.12 | $81.31 | $9,324.12 | 10/21/20 | OV |
| 10/20/20 | | | ADVANCED SPINE & PAIN | 9/30/2020 | $180.00 | $91.31 | | | $12,415.43 | $91.31 | $9,415.43 | 10/30/20 | OV |
| 11/18/20 | | | Ambulatory Surgical Center | 11/2/2020 | $4,104.60 | $1,259.46 | | | $13,674.89 | $1,259.46 | $10,674.89 | 11/20/20 | L RFA |

## Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

TEOFAXP5          GMT 12/2/2020 2:13:18 PM  PAGE   4/004   Fax Server

## TRAVELERS
### FIRST PARTY MEDICAL BENEFIT PAYMENT LEDGER

| INSURED | | CLAIM # | |
|---|---|---|---|
| CLAIMANT | | DATE OF LOSS: | |
| DEDUCTIBLE: | | POLICY #: | |
| THRESHOLD: | | POLICY TYPE | |
| POLI MIT/PIP LOSS | | | |

| Initial Deductible: | $250.00 |
|---|---|
| Co-Payment: | 20% |
| Co-Payment Maximum: | $5,000.00 |

Leftover Deductible: $0.00

| Date Received | Check # | Provider | Service | Amount Billed | Amount Billed | Amount Allowed | | | Amount Reviewed | Current Paid | Total Amount Paid | | # Paym |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

### Assignment of Benefits

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

| Provider | Date Received |
|---|---|
| | |
| | |
| | |
| | |

TEOFAXP5                          GMT 12/2/2020 2:13:16 PM  PAGE    1/004   **Fax Server**

# FAX

**To:** ''
Company:
**Fax:** **6096412677**
Phone:

**From:** **KJWRIGHT@travelers.com**
Fax:
Phone:
E-mail:

## NOTES:

**File Cabinet Document Attach - Claim Number IDY2323**

*This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies*

**Date and time of transmission: Wednesday, December 2, 2020 8:12:50 AM**
**Number of pages including this cover sheet: 04**

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002108-23**

**Case Caption:** THOMPSON REGINA  VS TRAVELERS
INDEMNITY  COMPANY

**Case Initiation Date:** 04/13/2023

**Attorney Name:** MICHAEL ANDREW GALPERN

**Firm Name:** JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS

**Address:** 1000 HADDONFIELD-BERLIN RD STE 203
VOORHEES NJ 08043

**Phone:** 8565964100

**Name of Party:** PLAINTIFF : Thompson, Regina

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Regina Thompson?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/13/2023
Dated

/s/ MICHAEL ANDREW GALPERN
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  APRIL 13, 2023
                    RE:      THOMPSON REGINA  VS TRAVELERS INDEMNITY  COMPANY
                    DOCKET: MID L -002108 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON GARY K. WOLINETZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:   (732) 645-4300 EXT 88294.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: MICHAEL A. GALPERN
                              JAVERBAUM WURGAFT HICKS KAHN W
                              1000 HADDONFIELD-BERLIN RD
                              STE 203
                              VOORHEES        NJ 08043

ECOURTS

**JAVERBAUM WURGAFT HICKS**
**KHAN WIKSTROM AND SININS, P.C.**
Michael A. Galpern, Esq.
NJ Attorney ID: 029031988
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
mgalpern@lawjw.com
T: 856-596-4100

**D'ARCY JOHNSON DAY**
Richard J. Albuquerque, Esq.
NJ Attorney ID: 025091996
3120 Fire Road, Suite 100
Egg Harbor Township, NJ 08234
richarda@djdlawyers.com
T: 609-345-7030

**ROSNER LAW OFFICES, P.C.**
Daniel E. Rosner, Esq.
NJ Attorney ID: 018951983
311 West Landis Ave.
Vineland, NJ 08360
drosner@rosnerlaw.net
T: 856-502-1655

**POGUST GOODHEAD, LLC**
James A. Barry, Esq.
NJ Attorney ID: 027512008
505 S. Lenola Rd., Suite 126
Moorestown, New Jersey 08057
jbarry@pogustgoodhead.com
T: 610-941-4204

*Attorneys for Plaintiff and the putative Class*

| | |
|---|---|
| REGINA THOMPSON on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY and ST. PAUL PROTECTIVE INSURANCE COMPANY<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br>LAW DIVISION<br><br>Docket No.:  MID-L-2108-23<br><br><u>CIVIL ACTION</u> |

CIVIL SUMMONS ISSUED TO
DEFENDANT ST. PAUL PROTECTIVE INSURANCE COMPANY

**FROM THE STATE OF NEW JERSEY:**

The Plaintiffs, Regina Thompson on behalf of herself and others similarly situated, have filed a lawsuit against you in the Middlesex County Superior Court of New Jersey. The

complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in Middlesex County within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in Middlesex County, and online at http://www.njcourts.gov/forms/10153_deputyclerklawrf.pdf). If the complaint is one in foreclosure then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if not attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with the appropriate filing fee and a completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in Middlesex County and online at http://www.njcourts.gov/forms/10153_deputyclerklawref.pdf.

/s/ *Michelle M. Smith*
Michelle M. Smith
Clerk, Superior Court of New Jersey

Dated: April 14, 2023

Name of Defendant to be Served: St. Paul Protective Insurance Company

Address of Defendant to be Served: 385 Washington Street
Saint Paul, MN 55102